

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-0083-23

---

### THE STATE OF TEXAS

#### v.

### LINDSEY HRADEK, Appellee

---

## ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE EIGHTH COURT OF APPEALS EL PASO COUNTY

---

**KELLER, P.J., filed a dissenting opinion.**

### DISSENTING OPINION

The trial court granted a motion for new trial on the basis of ineffective assistance of counsel. It found that numerous errors prejudiced Appellee. The court of appeals reversed, rejecting all of the ineffective assistance allegations. This Court now says that the court of appeals erred in failing to view the record in the light most favorable to the trial court's ruling. Specifically, this Court concludes that the issue of prejudice depended on an evaluation of the credibility and demeanor of the new-trial witnesses and that the trial court was better positioned than an appellate court to evaluate the issue. The Court then says that, under a proper review, prejudice was shown.

But the trial court made a crucial error of law that makes deferring to it problematic—it concluded that, except for the small portion the State sought to admit, the entire phone call was inadmissible. But in fact, much of the remainder of the phone call was admissible. Under *Lockhart v. Fretwell*,[1] any admissible evidence should weigh in the State's favor for the purpose of assessing prejudice. Once the admissible evidence is taken into account, it becomes clear that Appellee has not shown prejudice.

In Conclusions 1 and 2, the trial court suggested that, except for the part the State specifically offered (Appellee admitting to using cocaine), the rest of the phone call was inadmissible:

> 1. The additional portions of the recorded phone call in State's Exhibit 51 contained statements by Defendant and her mother Whitney Hradek that were inadmissible pursuant to Texas Rules of Evidence.

> 2. The probative value of the additional portions of State's Exhibit 51 admitted by defense counsel were substantially outweighed by the unfair prejudice to the defense and were highly inflammatory.

But the trial court's assessment is incorrect because much of the remainder of the phone call was admissible. It is true that the mother's statements were inadmissible hearsay.[2] But Appellee's statements constituted party-opponent admissions that would not be barred by the hearsay rule.[3] Appellee's references to being a dancer and a stripper were inadmissible character evidence.[4] The admissibility of her statement about considering a plea of guilty is murkier, because it does not seem

---

[1] 506 U.S. 364 (1993).

[2] *See* TEX. R. EVID. 801, 802.

[3] *See id.* 801(e)(2).

[4] *See id.* 404(b).

to fall squarely within the rule against admitting evidence of plea negotiations,[5] though perhaps it could be deemed unfairly prejudicial under Rule 403.[6] But most of Appellee's remaining statements were clearly admissible. They were statements about the offense or her reaction to being prosecuted that were relevant to her mental state at the time of the offense and to consciousness of guilt. These included the statement that she "wished her son was never born" (Finding 22), the statement that she "wished she had never gotten pregnant" (Finding 23), cursing the medical examiner (Finding 26), using cocaine (Finding 28), having anger and mental health issues (Finding 30), and uses of profanity that the trial court did not specify (Finding 32), but which included her saying that the State had nothing on her because she did nothing wrong and her saying that she used cocaine. And as the Court's opinion says, she admitted that the baby slept in the bed next to her, and her own expert acknowledged that it was unsafe for a young baby to sleep in an adult bed.

The trial court's error on the admissibility issue is important because the prejudice inquiry should in fact turn on the admissibility of the evidence and not merely on what the trial court would have done if Appellee had objected to the remainder of the call. In *Fretwell*, the Supreme Court addressed a situation where the defense attorney failed to lodge an objection that would have been meritorious under a court decision that existed at the time of trial.[7] The case that supported the objection was later overruled.[8] An intermediate federal appellate court concluded that prejudice had been shown because the objection would have been sustained under the caselaw that existed at the

---

[5] *See id.* 408.

[6] *See id.* 403.

[7] 506 U.S. at 366.

[8] *Id.*

time.[9] The Supreme Court, however, concluded that test for prejudice for an ineffective-assistance claim was more nuanced than a simple outcome determination.[10] The Court concluded that a prejudice analysis must also look at whether the challenged conduct had an effect "on the reliability of the trial process."[11] Showing prejudice requires showing that the result was "fundamentally unfair or unreliable."[12] Because the case that would have supported a defense objection was overruled, there was in fact no error in the trial to object to, and prejudice does not occur when counsel's actions merely "deprive[] [Appellee] of the chance to have the state court make an error in his favor."[13]

So the admissible portions of the phone call weigh in the State's favor, not Appellee's favor, under a prejudice analysis. Appellee characterized the recording of the phone call as "the most damning piece of evidence in the entire trial" but that "damning" nature was due largely to the admissible parts of the call—the various statements that Appellee made about her child and the impending proceedings. The Court says that the trial court's prejudice conclusion is supported by attorney Maesse's opinion testimony that the telephone recording annihilated the defense. But that opinion testimony assumes that the entire remainder of the phone call should be kept out, when much of it was in fact admissible. Although the mother's hearsay statements included the mother berating

---

[9] *Id.* at 368.

[10] *Id.* at 369 ("Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

[11] *Id.*

[12] *Id.*

[13] *Id.* at 371.

Appellee for not taking the proceedings seriously, Appellee's own statements would have conveyed the same impression to the jury.

Given that Appellee was convicted of a lesser-included offense rather than the charged offense, and given that much of the phone call was admissible, I would conclude, as the court of appeals did, that Appellee suffered no prejudice.[14]

I respectfully dissent.

Filed: December 11, 2024

Publish

---

[14] In Conclusion 16, the trial court painted the evidence of the culpable mental states of intent and knowledge (for the charged offense) as weak:

> Although a directed verdict was not granted, the State's evidence of conduct by omission and the requisite state of mind pled in the indictment of *intentional* and *knowing* was marginal.

But Appellee was acquitted of the charged offense with those culpable mental states. She was, instead, convicted of the lesser-included offense of recklessly causing serious bodily injury. The findings and conclusions do not comment on the strength of the evidence to show recklessness.